IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MELVIN BARTOLOME SANTOS CAMACHO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. 19-2091 (JAG) |

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

This is a medical malpractice case in which Plaintiff Melvin Bartolome Santos Camacho ("Plaintiff") filed a "Motion in Limine to Exclude the Testimony of Witness and Documents not Disclosed and Produced During Discovery" objecting the allegedly late disclosure of a witness for the United States of America ("Defendant") and seeking to preclude her testimony. (Docket No. 96). Defendant filed it Opposition thereto. (Docket No. 100). The Motion in Limine was referred to the undersigned for a Report and Recommendation. (Docket Nos. 119 and 120).

For the reasons explained below, it is recommended to the Court to DENY Plaintiff's Motion in Limine. (Docket No. 96).

**ANALYSIS**

Fed. R. Civ. P. 26 requires a party "without awaiting a discovery request," to provide the name and contact information of each individual likely to have discoverable information which may be used to support its claims and defenses, as well as copy or

Case 3:19-cv-02091-JAG    Document 122    Filed 09/02/22    Page 2 of 4

Melvin Bartolomé Santos Camacho v. United States of America
Report and Recommendation
Civil 19-2091 (JAG)
Page 2
_____

description of all documents that the party may use to support its claims or defenses. Fed. R. 26(a)(1)(A). In turn, Subdivision (e) of Fed. R. Civ. P. 26 orders supplementation of initial disclosures made "if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Id.

In the present case, Plaintiff alleges that on October 28, 2021, the day before the conclusion of discovery, Defendant for the first-time informed Plaintiff that it would be using Dr. Maricarmen Cruz ("Dr. Cruz") as a witness for the purpose of establishing its defense that the Veteran's Affairs Hospital ("VA"), where the facts object of this case occurred, is a teaching hospital and is therefore entitled to a cap on damages pursuant to Puerto Rico law. Plaintiff further posits that Dr. Cruz was not identified in the Rule 26 disclosures and Defendant failed to identify anyone who would testify as to the hospital's cap defense during discovery. In addition, Plaintiff asserts that Defendant failed to produce any documents in support of said defense.

In turn, Defendant argues that the situation is harmless because Plaintiff was always on notice of this defense. In support thereof, Defendant points out that the issue of the cap was raised as an affirmative defense from the beginning in the Answer to the Complaint, later explicitly mentioned in the Joint Initial Scheduling Memorandum, and argues that the medical records also clearly indicate that the VA is a teaching hospital. Defendant also states that Dr. Cruz was announced on October 28, 2021 which was within the discovery period. Defendant additionally argues that on that same date of October 28, 2021, that Plaintiff now argues is tardy, Plaintiff's counsel also asked to depose

Case 3:19-cv-02091-JAG   Document 122   Filed 09/02/22   Page 3 of 4

Melvin Bartolomé Santos Camacho v. United States of America
Report and Recommendation
Civil 19-2091 (JAG)
Page 3
_____

another physician involved in the case, and Defendant did not object to producing that witness for a deposition, which was taken on January 20, 2022. Thus, Defendant's argument is that what is good for the goose, is good for the gander.

The Court gives short shrift to the matter referred for several reasons.

First, Defendant indicates that Plaintiff deposed Dr. Cruz on February 22, 2022, a fact which Plaintiff has not denied. Presumably counsel for Plaintiff at that time asked Dr. Cruz all the pertinent questions about the hospital's cap defense. On that same date, Dr. Cruz produced a copy of the law that supports Defendant's cap defense, and later provided other documents which counsel for Plaintiff requested during the deposition.

Second, Plaintiff avers he was unjustly harmed by this allegedly late disclosure but fails to state specifically what harm he suffered. The duty to supplement under Rule 26 is a continuing one. The Court finds Defendant complied said duty by revealing the defense early on in the Answer to the Complaint and the Joint Initial Scheduling Memorandum.

Third, Defendant then gave notice before the discovery deadline of the witness it intended to use for this defense and produced her for a deposition. Thus, although Plaintiff alleges that he was prevented discovery as to this defense, he had an opportunity to depose Dr. Cruz and ask her all the relevant questions and was later even given documents as a result of the deposition. These facts are undisputed.

Finally, given the above scenario, Plaintiff has not suffered any harm by this situation, as he had was able to discover all significant information about this defense. Holsum de P.R., Inc. v. Compass Indus. Grp. LLC, 530 F. Supp. 3d 228, 234 (D.P.R. 2021) (even late disclosure of a revision to a damages calculation was harmless because original

calculation was timely produced and changes were minor).

## CONCLUSION

For the above-mentioned reasons, it is RECOMMENDED that Plaintiff's Motion in Limine, to exclude the testimony of Dr. Maricarmen Cruz, be DENIED. (Docket No. 96).

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. See 28 U.S.C. Sec. 636(b)(1); Fed. R. Civ. P. 72(b); and Puerto Rico Local Rule 72(d). Failure to file same within the specified time waives the right to appeal this order. Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, on this 2nd day of September of 2022.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE